People v Garcia

2026 NY Slip Op 03319

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Ernesto Garcia, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2018-13119, (Ind. No. 415/17)

Angela G. Iannacci, J.P.

Paul Wooten

Laurence L. Love

Elena Goldberg Velazquez, JJ.

Patricia Pazner, New York, NY (Samantha Jerabek of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Peter A. Mans, and Grace C. O'Brien of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered October 1, 2018, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in admitting evidence regarding the defendant's prior presence and conduct at the same location where the subject crime occurred is without merit. Contrary to the defendant's contention, that evidence was not Molineux evidence (see People v Molineux, 168 NY 264), since it did not concern uncharged crimes or other bad acts (see People v Chunn, 181 AD3d 706, 707; People v Binning, 108 AD3d 639, 639).

The defendant failed to raise any constitutional objections to the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) and, therefore, to the extent that the defendant now raises constitutional claims, they are unpreserved for appellate review (see People v Grant, 7 NY3d 421, 424; People v Shen Yang, 246 AD3d 839, 840). In any event, the defendant's contentions regarding the court's Sandoval ruling are without merit, as the ruling reflected a proper balance between the "probative value" of the defendant's prior convictions on the issue of his credibility and the danger of "impermissible prejudice" to the defendant (People v Sandoval, 34 NY2d at 375, 377; see People v Shen Yang, 246 AD3d at 840).

The defendant contends that his conviction of criminal possession of a weapon in the third degree is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1). Contrary to the People's contention, the defendant does not lack standing to assert this contention (see People v Johnson, __ NY3d __, __, 2025 NY Slip Op 06528, *6; see People v Grant, 247 AD3d 1214, 1215). However, the defendant's contention is unpreserved for appellate review (see People v Grant, 247 AD3d at 1215, 2026 NY Slip Op 01802, *1; People v Rosa, 243 AD3d 593, 593). In any event, the defendant's contention is without merit, as the Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Johnson, ___NY3d___, 2025 NY Slip Op 06528; People v Grant, 247 AD3d at 1215).

The defendant's contention that the admission of DNA evidence violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution because the testifying analyst did not perform or witness any part of the DNA testing and did not independently analyze the raw data is unpreserved for appellate review (see CPL 470.05[2]), and we decline to review the issue in the exercise of our interest of justice jurisdiction (see People v Hairston, 213 AD3d 694, 695; People v Gough, 203 AD3d 747, 751). Further, the defendant's contention that his counsel was ineffective for failing to preserve the Confrontation Clause issue is without merit (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137), as the Confrontation Clause issue was not "'so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it'" (People v Liggins, 185 AD3d 721, 721 [internal quotation marks omitted], quoting People v Rodriguez, 31 NY3d 1067, 1068).

The defendant's contentions that an order of protection issued at the time of sentencing should be vacated because the Supreme Court failed to state on the record the reasons for issuing it or its duration and because it was issued in favor of an individual who did not constitute a witness or victim to the crime for which the defendant was convicted are unpreserved for appellate review (see CPL 470.05[2]; People v Nieves, 2 NY3d 310, 316-317; People v Lemmerman, 237 AD3d 746). Under the circumstances, we decline to reach those issues in the exercise of our interest of justice jurisdiction (see People v Hagood-Fulson, 193 AD3d 973, 973; People v Rodriguez, 191 AD3d 807, 808).

IANNACCI, J.P., WOOTEN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court